IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

          Plaintiff,

v.

SERGEANT THOM,

          Defendant.

OPINION and ORDER

23-cv-259-jdp

---

RANDIN DIVELBISS,

          Plaintiff,

v.

MADISON PUBLIC LIBRARY STAFF
and DIRECTOR GREG MICKELLS,

          Defendants.

OPINION and ORDER

23-cv-330-jdp

---

Plaintiff Randin Divelbiss, without counsel, has failed to prosecute these two actions. His address has changed a few times during the litigation of these lawsuits, with Divelbiss failing to update the court with new addresses for months at a time. In Case No. 23-cv-259-jdp, the court issued an order directing Divelbiss to provide the court and defendants in all of his pending cases (these two as well as Case Nos. 23-cv-258-jdp and 23-cv-299-jdp) his new mailing address, or the court would consider dismissing the cases for his failure to prosecute them. Dkt. 29 in the '259 case. As a courtesy to Divelbiss the court sent him a copy of that order to two of his email addresses noted elsewhere in the record. Yet Divelbiss did not respond to that order. Nor did he respond to motions to dismiss and for summary judgment filed by defendant in the '259 case. I will dismiss the '259 case for Divelbiss's failure to prosecute it.

In Case No. 23-cv-330-jdp, I gave Divelbiss a final chance to amend his complaint to properly state a claim for relief or to submit the video footage that he says explains the events at issue, or I would dismiss the case for his failure to state a claim upon which relief may be granted. Dkt. 11 in the '330 case. Divelbiss did not respond to that order. Accordingly, I will dismiss the '330 case for his failure to state a claim upon which relief may be granted. *See Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should dismiss case for failure to state a claim upon which relief may be granted after plaintiff fails to correct a pleading that violates Federal Rule of Civil Procedure 8).

Divelbiss did not have specific deadlines in either his '258 or '299 cases, and he has now indirectly informed the court of his mailing address by filing two new cases. Case Nos. 24-cv-230-jdp and 24-cv-231-jdp, listing a Post Office Box in Adams, Wisconsin. I won't dismiss his '258 or '299 cases now that we have his address. But I warn Divelbiss again that it is his duty to update the court and defendants in all of his cases when he changes mailing addresses. The court will not communicate with him by email. Should Divelbiss become unreachable by mail again, I will consider dismissing all of his pending cases as a sanction.

ORDER

IT IS ORDERED that the above-captioned cases are DISMISSED. The clerk of court is directed to enter judgment accordingly and close each case.

Entered April 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge